UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **SA-BAI THONG WEST, LLC**, a corporation, and **POS CHANDRASIRI**, an individual. <br><br> Defendants. | CIVIL ACTION NO.: 18-cv-00702 |

## COMPLAINT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, brings this action to enjoin **SA-BAI THONG WEST, LLC**, a limited liability company, and **POS CHANDRASIRI**, an individual, (hereinafter collectively "Defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, et seq.), (hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, pursuant to sections 16(c) and 17 of the Act.

I

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

II

(A)   Defendant **SA-BAI THONG WEST, LLC**, is and, at all times hereinafter mentioned, was a limited liability company with an office and place of business within Dane

County at 6802 Odana Road, Madison, Wisconsin 53719, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in operating a restaurant.

(B)     Defendant **POS CHANDRASIRI**, an individual, is and, at all times hereinafter mentioned, was the owner of **SA-BAI THONG WEST, LLC** and was engaged in business within Dane County at 6802 Odana Road, Madison, Wisconsin 53719. At all times hereinafter mentioned, **POS CHANDRASIRI** acted directly or indirectly in the interest of **SA-BAI THONG WEST, LLC**, in relation to its employees, actively managing its day-to-day operations, supervising employees, and setting pay rates, and is an employer within the meaning of section 3(d) of the Act.

### III

Defendant, **SA-BAI THONG WEST, LLC**, is and, at all times hereinafter mentioned, was an enterprise engaged in related activities performed through unified operation or common control for a common business purpose within the meaning of section 3(r) of the Act.

### IV

Defendant, **SA-BAI THONG WEST, LLC**, is and, at all times hereinafter, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants repeatedly failed to comply the provisions of sections 6 and 15(a)(2) of the Act by paying servers at a rate less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked. Specifically, Defendants took a tip credit and paid a cash wage of less than $7.25 per hour. Defendants required servers to pool tips and improperly distributed a percentage of servers' tips to other employees who do not customarily and regularly receive tips within the meaning of section 3(t) of the Act. The inclusion of non-tipped employees invalidated the tip pool; therefore, Defendants could not avail themselves of a tip credit. Because Defendants could not claim a tip credit and paid servers less than $7.25 per hour, Defendants violated section 6 of the Act.

VI

Defendants repeatedly failed to comply the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Defendants paid a salary for all hours worked, including hours worked in excess of forty hours in a workweek to certain non-exempt employees. Defendants did not pay certain non-exempt employees one and one-half times their regular rate for hours worked in excess of forty hours in a workweek.

## VII

Defendants repeatedly failed to comply the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. § 516. Specifically, Defendants failed to maintain accurate records of hours worked for certain employees.

## VIII

During the period since August 15, 2015, Defendants have repeatedly violated the minimum wage, overtime, and recordkeeping provisions of the Act. A judgment which enjoins and restrains these violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

(1) pursuant to section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees, including recovery of tips found due Defendants' employees listed in the attached Exhibit A; and

(2) pursuant to section 17 enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants,

from withholding payment of unpaid minimum wage and overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

      (c)      For an Order awarding Plaintiff the costs of this action; and

      (d)      For an Order granting such other and further relief as may be necessary or appropriate.

Dated: August 22, 2018                                              Respectfully submitted,

                                                                       **KATE S. O'SCANNLAIN**
                                                                       Solicitor of Labor

P.O. Address:                                                                    **CHRISTINE Z. HERI**
Office of the Solicitor                                                        Regional Solicitor
U.S. Department of Labor
230 S. Dearborn Street, Suite 844
Chicago, IL 60604                                                            /s/  David J. Tanury
                                                                       **DAVID J. TANURY**
                                                                       **Attorney Bar ID # 6307149 (IL)**

Telephone: (312) 353-44454                                      Attorneys for R. Alexander Acosta,
Fax: (312) 353-5698                                                    Secretary of Labor
Email: Tanury.david.j@dol.gov

**EXHIBIT A**

Suchada Ashmun
Ethan Ha
Phung Huynh
Andrew Manavong
May Santipap
Jacqueline O-Brien
Anchana Singchan
Meng Thao
Martha Betanze