# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,

    Plaintiff,

v.

SA-BAI THONG WEST, LLC, a corporation, and POS CHANDRASIRI, an individual.

    Defendants.

CIVIL ACTION NO.: 18-cv-00702

## CONSENT JUDGMENT

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, having filed his Complaint and Defendants, **SA-BAI THONG WEST, LLC**, a Wisconsin corporation, and **POS CHANDRASIRI,** an individual, (collectively "Defendants"), having appeared by counsel, and having been duly advised in the premises, agree to the entry of this judgment without contest.

The parties have agreed to settle this matter under the terms defined hereunder. By voluntarily entering into this consent judgment, Defendants admit no intentional wrongdoing and do not waive any objections, privileges or defenses, which they may have with respect to any future investigation, assessment of civil money penalties under the FLSA, or other proceeding between the parties. This consent judgment is not evidence of criminal liability.

**NOW**, therefore, upon motion of attorneys for Plaintiff and Defendants, and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against Defendants pursuant to section 217 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*, (hereinafter "the Act"), as follows.

# I

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to section 217 of the Act, that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

(a) Defendants shall not, contrary to 29 U.S.C. §§ 206 and 215(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, at a rate less than $7.25 per hour or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act.

(b) Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which they are employed.

(c) Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to 29 U.S.C. § 211(c) of the Act and found at 29 C.F.R. Part 516.

# II

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to section 16(c) of the Act, in favor of the **PLAINTIFF** and against **DEFENDANTS** in the total amount of $14,577.10

**A.** **DEFENDANTS** shall pay to **PLAINTIFF** upon execution of this judgment the sum of $14,577.10, less all lawful employee deductions and withholdings as described in Paragraph III(A) below, which represents the overtime and minimum wage compensation hereby found to be due to the individuals named in Exhibit A, attached hereto and made a part hereof, for the time periods from August 15, 2015 to April 30, 2017.

**B.** Plaintiff shall distribute the restitution amount (less legal deductions for each employee's share of social security and federal withholding taxes for back wages) to the persons identified in Exhibit A, or to their estates, if that be necessary; and any amounts referenced above of unpaid compensation not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for their employer share of applicable taxes for the back wage amounts.

### III

The monetary provisions set forth in Paragraph II above shall be satisfied upon **DEFENDANTS'** delivery to the **PLAINTIFF** as follows:

**A.** With respect to the back wage amounts of $14,577.10, Defendants shall deliver to Plaintiff, at the time of execution of this Consent Judgment, separate certified or cashiers checks, payable to each individual named in Exhibit A, in a net amount, after withholding applicable Social Security, Medicare, federal income and state income taxes and other withholdings required by law. The checks shall be made payable to the order of the individual or the "Wage and Hour Div., Labor," as alternative payees, (*e.g.*, the first check should read "PAY TO THE ORDER OF JANE DOE or the Wage and Hour Div., Labor").

**B.** Defendants shall provide to Plaintiff a schedule in duplicate, showing the full name, last-

known address, social security number, gross amount due, net amount due, and total amount of withholding for each individual named in Exhibit A. Defendants shall issue a W-2 tax form to each individual for whom payment is made. Defendants shall remain responsible for paying their share of any applicable taxes to the appropriate State and Federal revenue authorities, as well as any other statutory or regulatory payment obligations not otherwise mentioned herein.

### IV

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from Defendants under the provisions of this judgment or the Act.

### V

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act of 1980, as Amended (28 U.S.C. § 2412 *et seq.*).

**SO ORDERED.**

Dated this 24TH day of AUGUST, 2018.

*[signature]*

United States District Court Judge

| | |
|---|---|
| **SA-BAI THONG WEST, LLC,** | **KATE S. O'SCANNLAIN**<br>Solicitor of Labor |
| By: s/ Pos Chandrasiri<br>as authorized representative | |
| **POS CHANDRASIRI** | **CHRISTINE Z. HERI**<br>Regional Solicitor |
| s/Pos Chandrasiri | s/David J. Tanury<br>**DAVID J. TANURY**<br>Attorneys for Plaintiff<br>Office of the Solicitor |
| **ATTORNEY FOR DEFENDANTS** | |
| s/A. Steven Porter<br>**A. STEVEN PORTER** | U.S. Department of Labor<br>230 S. Dearborn Street, Suite 844<br>Chicago, Illinois, 60604<br>(312) 353-4454<br>tanury.david.j@dol.gov |
| P.O Box 7093<br>Madison, WI 53707<br>(608) 662-2285<br>asp@mailbag.com | |

**EXHIBIT A**

| | |
|---|---|
| Suchada Ashmun | $5,313.06 |
| Ethan Ha | $135.09 |
| Phung Huynh | $4,725.01 |
| Andrew Manavong | $131.04 |
| May Santipap | $3,352.50 |
| Jacqueline O-Brien | $85.36 |
| Anchana Singchan | $629.73 |
| Meng Thao | $176.56 |
| Martha Betanze | $28.75 |
| | |
| Total | $14,577.10 |